FILED

JUL 17 2007

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY K. RAVET, an individual,<br><br>                       Plaintiff,<br><br>vs.<br><br>SOLOMON, WARD, SEIDENWURM & SMITH, LLP, a California limited liability company; ASHWORTH, BLANCHET, CHRISTENSON, & KALEMKIRIAN, LLC, a California limited liability company; PAUL METSCH, an individual; EDWARD McINTYRE, an individual; LESA CHRISTENSON, an individual; MARC O. STERN, an individual; MERYL ZINN, an individual; and DOES 1 through 100, inclusive,<br><br>                       Defendants. | CASE NO. 07 CV 0031 JM (CAB)<br><br>**ORDER GRANTING MOTIONS TO DISMISS, DENYING MOTIONS TO STRIKE AS MOOT, AND DISMISSING COMPLAINT WITHOUT PREJUDICE** |

## INTRODUCTION

    The present complaint alleges violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq., as well as pendent state claims for extortion, conversion, trespass to chattels, spoliation of evidence, defamation, and abuse of process. According to the pleadings, this action arises out of two incidents: (1) the breakdown of plaintiff Gary Ravet's personal relationship

Dockets.Justia.com

with his former girlfriend Deborah Ford which led to litigation over, among other things, the La Jolla home Ford and Ravet lived in, and (2) a business dispute culminating in litigation between Ravet and clients of defendant Marc Stern. Pending before the court are three separate Rule 12(b)(6) motions to dismiss brought by defendants Solomon Ward Seidenwurm & Smith LLP, Ed McIntyre, Paul Metsch[1] (collectively "Solomon Ward"), Lesa Christensen, and Marc Stern. The movants have also moved to strike the pendant state claims. The court deemed the motions suitable for decision on the papers without oral argument pursuant to Local Rule 7.1(d)(1). After considering the submissions of the parties, the court hereby **DISMISSES** the RICO claims without prejudice for failure to state a claim. Since RICO provides the basis for federal question jurisdiction, and there can be no diversity since Ravet and all moving defendants are alleged citizens of California, the court also declines to exercise supplemental jurisdiction over the state claims.

## BACKGROUND

The following background is taken from the moving and opposition papers and generally describes the background. In describing this background the court makes no findings of fact. Ravet is a former lawyer who is representing himself in the instant case. Ravet and non-party Ford had a personal relationship and at some point in time began living together in a house located in La Jolla, California. In September 2005, the relationship ended and Ravet refused to move out of the house, to which he claimed an ownership interest. Ford brought a quiet title and ejectment action against Ravet in San Diego Superior Court, to which Ravet filed a cross-complaint alleging RICO violations, extortion, breach of contract, accounting, intentional and negligent fraud and misrepresentation, and quantum meruit. Solomon Ward Seidenwurm & Smith LLP represented Ford in the quiet title and ejectment action. At around the same time, Ford retained defendant Lesa Christensen to obtain a temporary restraining order ("TRO") against Ravet on the

---

[1]McIntyre and Metsch practice at the Solomon Ward firm.

ground that Ravet had threatened Ford and that Ford was in fear of her physical safety. Both Ford's complaint against Ravet and Ravet's cross-complaint settled in May 2006 and each side dismissed their complaints with prejudice. Ravet's cross-complaint did not name Solomon Ward, McIntyre, Metsch, Christiansen, or Stern as counter-defendants.

According to defendant Stern, Stern represented a gym club who was sued by Ravet for allegedly breaching a promise to provide Ravet with free gym club memberships. Although the suit with the gym club settled, the gym club, still represented by Stern, has filed a malicious prosecution action against Ravet.

The non-moving defendants are Meryl Zinn, a former girlfriend of Ravet, and Christensen's firm, Ashworth, Blanchett, Christensen & Kalemkirian, LLC, which is named separately.

## LEGAL STANDARDS

When the plaintiff fails to adequately plead facts which would entitle him to relief, dismissal under Rule 12(b)(6) is proper. Such a dismissal can be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. See Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988). In applying this standard, the court must treat all factual allegations as true and construe the complaint in the light most favorable to the plaintiff. Experimental Eng'g, 614 F.2d at 1245; see Concha v. London, 62 F.3d 1493, 1500 (9th Cir. 1995). Although the complaint need not contain detailed factual allegations in order to withstand a Rule 12(b)(6) motion, the allegations "must be enough to raise a right to relief above the speculative level[.]" Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (U.S. May 21, 2007).[2] The

---

[2] Bell Atlantic abrogated Conley v. Gibson, 355 U.S. 41 (1957), which had expressed the heretofore longstanding rule that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. at 45-46. Conley's "no set of facts" language is no longer good law. Bell Atlantic, 127 S.Ct. at 1969 ("[A]fter puzzling the profession for 50 years, this famous observation has earned

allegations must provide "plausible grounds to infer" that the plaintiff is entitled to relief, i.e., "enough fact to raise a reasonable expectation that discovery will reveal evidence of" illegality. Id.

**MOTION TO DISMISS BY SOLOMON WARD**

Solomon Ward moves to dismiss the RICO claims on three grounds: (1) Ravet has failed to adequately plead a RICO cause of action; (2) under the Noerr-Pennington Doctrine, Ravet cannot sue the Solomon Ward Defendants for activities related its legal representation of Ford; and (3) the instant case is barred by res judicata since Ravet's voluntary dismissal of his cross-complaint in Superior Court, which alleged identical claims to the ones he asserts in this case, operates as a final decision on the merits.

As a threshold concern, Ravet alleges a RICO claim under 18 U.S.C. § 1962 but fails to indicate which subsection of § 1962 upon which he is relying.[3]

---

its retirement. The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."). In its place is Bell Atlantic's holding that the allegations, to survive Rule 12(b)(6), must give rise to a "plausible" suggestion that the plaintiff is entitled to relief. See id. at 1965-66, 1970.

[3]Section 1962 provides in full:

§ 1962. Prohibited activities

(a) It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity or through collection of an unlawful debt in which such person has participated as a principal within the meaning of section 2, title 18, United States Code, to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce. A purchase of securities on the open market for purposes of investment, and without the intention of controlling or participating in the control of the issuer, or of assisting another to do so, shall not be unlawful under this subsection if the securities of the issuer held by the purchaser, the members of his immediate family, and his or their accomplices in any pattern or racketeering activity or the collection of an unlawful debt after such purchase do not amount in the aggregate to one percent of the outstanding securities of any one class, and do not confer, either in law or in fact, the power to elect one or more directors of the issuer.

Although some of the subsections have the same element (e.g. pattern of racketeering), each subsection has its own separate pleading requirement. Therefore, the court only addresses the issues raised by the parties without deciding which subsections of § 1962 have been adequately or inadequately pled.

**Rule 9**. Solomon Ward argues that the complaint fails to plead fraud with particularity as required by Rule 9(b). Ravet makes the conclusory argument that the allegations are sufficiently particular but that if the court requires more particularity, he would like to amend his complaint.

"In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed.R.Civ.P. 9(b). Rule 9(b) applies to civil RICO claims. Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065-66 (9th Cir. 2004). To satisfy Rule 9(b), the complaint must "state the time, place, and specific content of the parties to the misrepresentation." Schreiber Distributing Co. v. Serv-well Furniture Co., Inc., 806 F.2d 1393, 1401 (9th Cir. 1986).

Both Ravet's complaint and his RICO case statement utterly fail to comply with Rule 9(b). Beyond providing the years during which he and the defendants were engaged in the underlying litigation, Ravet does not provide the "time, place, and specific content" of the allegations of fraud against any defendant. His

---

(b) It shall be unlawful for any person through a pattern of racketeering activity or through collection of an unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

(c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

(d) It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section.

18 U.S.C. § 1962.

complaint contains blind allegations of fact[4] that do not plausibly suggest that discovery would yield evidence of wrongdoing. Bell Atlantic 127 S.Ct. at 1965. Ravet's RICO allegations therefore fail to satisfy Rule 9(b).

**Failure to Allege Effect on Interstate Commerce.** Solomon Ward argues that the complaint fails to allege an effect on interstate commerce and therefore no RICO claim has been stated. See § 1962. Ravet responds in a conclusory fashion that the interstate commerce element has been alleged, and offers to amend his pleading should the court rule against him.

A review of Ravet's RICO case statement reveals that he has failed to allege an effect on interstate commerce. Ravet alleges predicate RICO acts such as extortion, theft, illegal wiretapping and recording, destruction of documents, perjury, and the like. See Pl. RICO Case Statement at 2. There is no allegation, however, that any of the predicate acts affect interstate commerce, and indeed Ravet pleads that his RICO claims are not based on wire fraud, mail fraud, or fraud in the sale of securities. Id. at 2:4-5. The underlying events as alleged appear wholly local. The court therefore dismisses the RICO claims without prejudice for failure to plead an effect on interstate commerce.

**Failure to Allege Damages.** Solomon Ward also argues that the RICO claims must be dismissed because Ravet has not properly alleged damages. RICO compensates the victim for damages incurred "in his business or property[.]" § 1964(c). Treble damages, costs, and reasonable attorney's fees are also recoverable. Id. "[A] RICO plaintiff must allege a direct causal link between his injury and the defendant's violation." Wagh v. Metris Direct, Inc., 363 F.3d 821, 829 (9th Cir. 2003); see also Hamid v. Price Waterhouse, 51 F.3d 1411, 1419 (9th Cir. 1995) ("In order to plead a civil RICO claim, appellants must show that the defendants'

---

[4] For example, Ravet alleges that the defendants took Plaintiff's personal property which they have refused to return, that defendants broke into Plaintiff's car and stole his computer, and that defendants fabricated allegations of unethical behavior intended to destroy Plaintiff's reputation. Comp. ¶ 18.

violation of section 1962 was the proximate cause of their injury."). The extent of Ravet's allegations of damages is the following:

> As a result of the actions of Defendants, as alleged above, Plaintiff is entitled to damages in amount subject to proof at trial, which amount exceeds Ten Million Dollars ($10,000,000). The full amount of such damages is not now known to Plaintiff and Plaintiff will amend this Complaint to state such amounts when the same becomes known to Plaintiff or upon proof thereof.

Comp. ¶ 26. This allegation fails to show that the actions of Solomon Ward were the proximate cause of Ravet's damages. Moreover, Ravet fails to state with particularity how he was damaged. Thus, the failure to properly allege damages also requires dismissal of the RICO claim without prejudice.

**Failure to Plead an Enterprise**. Next, Solomon Ward argues that Ravet has failed to adequately plead the enterprise element of his RICO claim. In order to state a RICO claim, the complaint must allege the existence of a RICO "enterprise." An enterprise is defined as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals, associated in fact although not a legal entity[.]" § 1961(4). The existence of an associated-in-fact enterprise requires proof of an ongoing organization and that the various associates function as a continuing unit. See United States v. Turkette, 452 U.S. 576, 583 (1981). Furthermore, "a RICO enterprise must have an ascertainable structure separate and apart from the structure inherent in the conduct of the pattern of racketeering activity." Chang v. Chen, 80 F.3d 1293, 1295 (9th Cir. 1996). The RICO enterprise cannot be merely the sum of the predicate racketeering acts; rather, "[a]t a minimum, to be an enterprise, an entity must exhibit 'some sort of structure . . . for the making of decisions, whether it be hierarchical or consensual' . . . . The structure should provide 'some mechanism for controlling and directing the affairs of the group on an on-going, rather than an ad hoc, basis.'" Id. at 1299 (quoting United States v. Riccobene, 709 F.2d 214, 222 (3d Cir. 1983)).

A review of the complaint and RICO statement demonstrates that Ravet has

failed to plead a RICO enterprise. Ravet alleges that Solomon Ward, Stern, Christensen, and Christensen's firm "worked in concert to develop strategies and schemes to achieve their collective purposes of extorting money and property from Plaintiff[.]" Comp. ¶ 18. There is no allegation, however, that these entities and individuals exhibit a structure or mechanism for controlling and directing their collective affairs on an ongoing basis. To the contrary, the complaint appears based on two separate, isolated legal disputes having little relation to each other: litigation, now settled, involving Ravet, Solomon Ward, and Christensen, and separate litigation involving Ravet and Stern. For these reasons, the court finds that Ravet has failed to plead a RICO enterprise.

**Failure to Plead a Pattern of Racketeering.** The parties dispute whether the "pattern of racketeering" element has been sufficiently plead. RICO claims require a showing that the defendant engaged in a "pattern of racketeering activity." See generally § 1962. "'[P]attern of racketeering activity' requires at least two acts of racketeering activity, one of which occurred after the effective date of this chapter and the last of which occurred within ten years (excluding any period of imprisonment) after the commission of a prior act of racketeering activity[.]" § 1961(5). The predicate racketeering acts must be related and amount to or pose a threat of continued criminal activity. Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1535 (9th Cir. 1992) (citing H.J. Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229, 239 (1989)). "Predicates are related if they have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated." Id. (internal quotations omitted). "Continuity is demonstrated if the illegal conduct poses a threat of continued criminal activity, such as when the illegal conduct is a regular way of conducting a defendant's ongoing legitimate business." Id. (internal quotations omitted). If the case presents only one victim of racketeering, or the predicate acts are designed to bring about only a single event, these facts weigh

against finding a pattern of racketeering. See id.; see also Medallion Television Enterprises, Inc. v. SelecTV of California, Inc., 833 F.2d 1360, 1364 (9th Cir. 1987); Jarvis v. Regan, 833 F.2d 149, 152-153 (9th Cir. 1987); Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc., 806 F.2d 1393, 1399 (9th Cir. 1986).

Here, the sole victim alleged is Ravet. Ravet alleges that Solomon Ward, Stern, and Christensen have worked in concert, in a series of unlawful acts, to bring about his financial and reputational demise. On the one hand, the allegations, construed in favor of Ravet, could support a finding of continuous criminal activity (in the sense that these defendants are on a campaign to defame Ravet and extort money from him under the guise of practicing law) arising out of related acts (i.e. litigation brought for the improper purpose of harming Ravet). On the other hand, the more sensible conclusion seems to be that the current allegations do not suggest the threat of ongoing, continuous criminal activity. Even when construed in favor of Ravet, the allegations suggest at most that Defendants have a personal vendetta against one person, Ravet. This fails to state a RICO claim. See Sever, 978 F.2d at 1535.

**Failure to Plead a Nexus between the Enterprise and the Racketeering Activity.** The parties dispute whether or not Ravet has alleged a nexus between the enterprise and the racketeering activity. Wagh, 363 F.3d at 830 (providing that to state a §1962(b) claim, a plaintiff must allege a specific nexus between the control of the enterprise and the racketeering activity, that is, that the defendant's activity led to defendant's control over or acquisition of a RICO enterprise, and that Plaintiffs were injured as a result of said control or acquisition). The complaint is devoid of allegations showing such a nexus, and it is not even clear whether Ravet is pleading a § 1962(b) claim at all, to which the nexus pleading requirement would apply. To the extent Ravet is pleading such a claim, it is dismissed for failure to plead the nexus or connection between the enterprise and the racketeering activity.

For all of the foregoing reasons, Ravet has failed to state a RICO claim. Therefore, the RICO claim is dismissed without prejudice.

**Noerr-Pennington**

Alternatively, Solomon Ward contends the present case is foreclosed under the Noerr-Pennington Doctrine. The Petition Clause of the First Amendment protects an individual's right to petition the government for grievances. Therefore, suits burdening this right are unconstitutional so long as the suit is not "sham" litigation. Eastern Railroad Presidents Conference v. Noerr Motor Freight, Inc., 365 U.S. 127 (1961); United Mine Workers v. Pennington, 381 U.S. 657 (1965); Sosa v. DirecTV, Inc., 437 F.3d 923, 938 (9th Cir. 2006) (stating that "sham litigation" exception to Noerr-Pennington immunity requires showing that the lawsuit is objectively baseless and brought for an improper purpose). "Under the Noerr-Pennington doctrine, those who petition any department of the government for redress are generally immune from statutory liability for their petitioning conduct." Sosa, 437 F.3d at 929. Noerr-Pennington immunity extends to RICO suits. Id. at 942 (affirming dismissal of RICO suit on ground that the sending of prelitigation demand letters was conduct immunized from RICO liability under the Noerr-Pennington doctrine).

Solomon Ward argues that it was acting in the course of its representation of Ford and therefore those acts cannot form the basis of a RICO suit pursuant to Sosa, supra. Ravet responds that his RICO claims are predicted on illegal acts (e.g. fraud) by the defendants that served no lawful purpose and which were outside the scope of representation. In essence Ravet is arguing that his complaint adequately alleges the sham litigation exception to Noerr-Pennington immunity. Although it is a close question, the allegations, accepted as true and construed in favor of Ravet, plausibly suggest that Defendants brought the underlying lawsuits for an improper purpose. See Comp. ¶ 16 ("[T]he Co-Conspirator Lawyers engaged in a relentless attack of Plaintiff, with the sole purpose being to extort money and property from him and to attempt to destroy his personal and business reputations."). To invoke the sham

litigation exception, however, Ravet must allege both improper purpose and that the suits were objectively baseless. <u>Sosa</u>, 437 F.3d at 938. Ravet fails to allege the objectively baseless element. Accordingly, Ravet's RICO claims must be dismissed because the allegations, accepted as true, would only show that Defendants' conduct is protected under the Noerr-Pennington doctrine.

**Res Judicata**

Next, Solomon Ward argues that the instant suit is barred by res judicata. "In order to bar a later suit under the doctrine of res judicata, an adjudication must (1) involve the same 'claim' as the later suit, (2) have reached a final judgment on the merits, and (3) involve the same parties or their privies." <u>Nordhorn v. Ladish Co., Inc.</u>, 9 F.3d 1402, 1404 (9th Cir. 1993).

It is undisputed that Solomon Ward were not named parties to Ravet's Superior Court cross-complaint. Solomon Ward argues the "same parties" requirement is satisfied because they were named in Ravet's proposed amended cross-complaint. Solomon Ward concedes, however, that this pleading was never filed with the court. Alternatively, Solomon Ward argues that because Ravet made numerous references to them in state court pleadings, then the "identical parties" requirement is satisfied. In support, Solomon Ward cites <u>Jackson v. Hayakawa</u>, 605 F.2d 1121, 1126 (9th Cir. 1979) (noting that "courts are no longer bound by rigid definitions of the parties or their privies for the purposes of applying collateral estoppel or res judicata."). In <u>Jackson</u>, however, the prior suit was a class action, and therefore the court found the later lawsuit barred by res judicata even though plaintiffs in the later suit were not expressly named in the earlier action. <u>Id.</u> at 1126. Here, although Ravet mentions Solomon Ward in his filed cross-complaint, <u>see</u> Solomon Ward's Notice of Lodgment, Ex. 10, it is readily apparent that Ravet's allegations focused on Ford and other defendants, not on Solomon Ward. In sum, since the "same parties" requirement is not satisfied, the present action is not barred by res judicata.

Solomon Ward makes other arguments as to why the present case is barred by

res judicata, including why the two actions involve the same transactional nucleus of facts and whether the two suits involve an infringement of the same rights. The court need not reach these arguments because the "same parties" requirement is not met as set forth above.

## STATE CLAIMS

Solomon Ward, Christensen, and Stern also make arguments as to why the pendant state claims should be dismissed, including arguments grounded in California's Anti-SLAPP statute ("Anti-Strategic Lawsuit Against Public Participation"). Cal. Code Civ. Proc. § 425.16. The court need not reach these arguments, however, because with the RICO claim dismissed, the court hereby declines to exercise supplemental jurisdiction over Ravet's state claims. Simon Oil Co., Ltd. v. Norman, 789 F.2d 780, 782 (9th Cir. 1986) (noting that after dismissing a RICO claim pursuant to Rule 12(b)(6), the court has discretion to decline to exercise its jurisdiction over pendant state claims).

## MOTIONS TO DISMISS BY CHRISTENSEN AND STERN

In their respective Rule 12(b)(6) motions, Christensen and Stern make substantially the same arguments, with the exception of the res judicata argument, advanced by Solomon Ward above. The court dismisses the RICO claim as to Christensen and Stern for the same reasons it dismisses the RICO claim as to Solomon Ward.

## REQUESTS FOR COSTS AND FEES

Ravet contends all three motions to dismiss were frivolous and therefore he is entitled to recover his costs and fees associated with opposing the motions. In light of the court's decision dismissing the RICO claim without prejudice, the motions cannot be deemed frivolous. Ravet's request for costs and fees is therefore denied.

Christensen also asks for her fees and costs, pointing out that a prevailing party to an Anti-SLAPP motion is entitled to recover fees and costs. Cal. Code Civ. Proc. § 425.16(c). Since the court declines to exercise its jurisdiction over the pendant state claims, however, the court lacks power to award Christensen her fees

and costs. Accordingly, Christensen's request is also denied.

## CONCLUSION

The motions to dismiss are **GRANTED**, see Docket Nos. 8, 10, 13, and Plaintiff's complaint is dismissed in its entirety. The motions to strike the pendant state claims, see Docket Nos. 7, 9, 13, are **DENIED** as moot. If Plaintiff wishes to file an amended complaint, he must do so no later than fourteen (14) days after the date this order is entered. Failure to timely file an amended complaint will result in this case being dismissed with prejudice.

**IT IS SO ORDERED.**

DATED: __7/17__, 2007

JEFFREY T. MILLER
United States District Judge

cc:  all parties
07cv0031 MTD order.wpd