1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                   **SOUTHERN DISTRICT OF CALIFORNIA**

10

| 11 | GARY K. RAVET, an individual, | CASE NO. 07 CV 0031 JM (CAB) |
|----|---|---|
| 12 | Plaintiff, | **ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR PROTECTIVE ORDER** |
| 13 | vs. | |
| 14 | SOLOMON WARD SEIDENWURM & SMITH, LLP, A California limited liability company; ASHWORTH, BLANCHET, | |
| 15 | CHRISTENSON, & KALEMKIARIAN, LLC., a California limited liability company; | |
| 16 | PAUL METSCH, an individual; EDWARD McINTYRE, an individual; LESA | |
| 17 | CHRISTENSON, an individual; MARC O. STERN, an individual; JOEL WOHLFEIL, | |
| 18 | an individual; MERYL ZENN, an individual; and DOES 1 through 100, inclusive, | |
| 19 | Defendant. | |

20

21        Plaintiff Gary K. Ravet seeks an immediate temporary protective order. Defendants Solomon

22   Ward Seidenwurm & Smith, LLP ("Solomon Ward") and Lisa Christenson have submitted separate

23   responses, both claiming that a protective order is unnecessary. None of the other defendants chose

24   to respond to Plaintiff's application. In light of the two defendants' responses and the absence of any

25   evidence that any remaining defendant has any intention of attempting to serve or contact Plaintiff,

26   Plaintiff's family, or Plaintiff's rabbi during the Jewish high holidays, the court denies the motion

27   without prejudice.

28

**BACKGROUND**

This action arises out of two incidents: (1) the breakdown of Plaintiff's personal relationship with his former girlfriend Deborah Ford, which led to litigation over, among other issues, the La Jolla home in which Plaintiff and Ford lived; and (2) a business dispute that culminated in litigation between Plaintiff and clients of Defendant Marc Stern. Plaintiff, a former lawyer, currently serves as president of Congregation Beth El.

In his initial complaint, Plaintiff alleged violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq., as well as pendent state claims for extortion, conversion, trespass to chattels, spoliation of evidence, defamation, and abuse of process. RICO provided the basis for federal question jurisdiction. The parties lacked diversity of citizenship. The court dismissed the initial complaint without prejudice, holding that Plaintiff failed to state a RICO claim and, due to the absence of a viable RICO claim, declining to exercise supplemental jurisdiction over the pendant state claims.

Plaintiff thereafter filed an amended complaint. Pursuant to a court order, Defendants Solomon Ward, Metsch, McIntyre, and Stern must respond to the amended complaint, if at all, no later than September 14, 2007. These defendants, along with Christenson, have scheduled a hearing on November 2, 2007 for their motions to dismiss.

In the instant ex parte motion, Plaintiff asks the court to restrain Defendants "from taking any action in this case, directed toward Plaintiff or any others associated with Plaintiff, during the period from September 12, 2007 through September 22, 2007" – the Jewish high holidays. (Ex Parte Appl. for Protective Order 2.) This application follows a September 11, 2007 letter to Christenson, McIntyre, and Stern, in which Plaintiff asked the recipients to agree not to serve, attempt to serve, contact, or attempt to contact Plaintiff "or any person associated with" Plaintiff during the high holidays. (Exh. A to Appl. for Protective Order.) Plaintiff received no response to this letter.

Plaintiff supports his request with a variety of allegations of "outrageous, inappropriate, illegal, and hateful acts" directed against him, his family, his rabbi, and others. Among other allegations, he claims that Defendants broke into his car during his swearing-in as Congregation Beth El's president in June 2006; that Stern and another individual, Joel Wohlfeil, attempted to serve Plaintiff and his

07cv0031

1  family with subpoenas during an April 2, 2007 Passover seder at Plaintiff's home; that Stern and

2  Wohlfeil attempted to serve Plaintiff's rabbi while the rabbi led an April 2, 2007 Passover seder; and

3  that Defendants caused his home to be vandalized in May 2007.  (Decl. of G. Ravet in Support of

4  Appl. for Protective Order 2-3.)  On information and belief, Plaintiff asserts that Defendants "will

5  attempt to take further inappropriate and offensive actions somehow associated with this case"

6  because they know that Plaintiff will be at his synagogue or at home with his family during the Jewish

7  high holidays.  (Id. at 3.)

8         In response, Solomon Ward states that it will honor the request in Plaintiff's letter and "will

9  not attempt to serve Mr. Ravet, or anyone associated with him, after [September 12, 2007] until after

10  September 22." (Solomon Ward's Response to Ravet's Appl. for Protective Order 1.)  Solomon Ward

11  acknowledges the "high religious significance of the Jewish high holidays.  (Id.)  The law firm also

12  explains that the November 2, 2007 hearing date for its response to Plaintiff's amended complaint

13  enables it to accommodate Plaintiff's request.  (Id.)  Thus, Solomon Ward finds a protective order

14  unnecessary.  (Id.)

15         Christenson likewise finds the protective order unnecessary because she "will respect his

16  wishes and not serve him until after September 22, 2007." (Christenson's Response to Ravet's Appl.

17  for Protective Order 1.)  She further asserts that Plaintiff's allegations lack any factual basis.  (Id. at

18  2).

19                                          **DISCUSSION**

20         On this evidentiary record the issuance of the requested protective order (or temporary

21  restraining order) is unwarranted.  Plaintiff does not provide any evidence, other than his own

22  speculation, that any defendant will attempt to serve or otherwise contact him during the high

23  holidays. To the contrary, two defendants have responded that they will comply with his request and

24  the remaining defendants have indicated no intention of attempting to serve or contact him before

25  September 22, 2007.  This evidence does not support a protective order.

26  //

27  //

28  //

1

**CONCLUSION**

2        For the foregoing reasons, the court denies Plaintiff's application for a protective order without

3   prejudice.

4        **IT IS SO ORDERED.**

5   **DATED:  September 13, 2007**

6                                              _____

7                                              **Hon. Jeffrey T. Miller**
                                               **United States District Judge**

8
    CC:          All parties
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28