# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY K. RAVET, an individual,<br><br>　　　　　　　　　　　　Plaintiff,<br>vs.<br><br>MARC O. STERN, an individual; JOEL WOHLFEIL, an individual,<br><br>　　　　　　　　　　　　Defendants. | CASE NO. 07CV31 JLS (CAB)<br><br>**ORDER: GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR ATTORNEY'S FEES**<br><br>(Doc. No. 189) |

Presently before the Court is Defendant's renewed motion for attorneys' fees pursuant to Cal. Civ. Pro. Code § 425.16, commonly known as California's Anti-Strategic Lawsuit Against Public Participation ("anti-SLAPP") statute. (Doc. No. 189.) Also before the Court is Plaintiff Gary Ravet's opposition.[1] (Doc. No. 192.) For the reasons below, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion for attorneys' fees.

## BACKGROUND

On January 4, 2007, Ravet filed a federal complaint against various defendants[2] alleging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), as well as extortion, conversion, trespass to chattels, spoliation of evidence, defamation, and abuse of

---

[1] The Court notes that Plaintiff's opposition was untimely filed pursuant to this Court's Order (Doc. No. 182); however, the Court declines to strike the opposition because Defendant did not file a reply and raise this as an issue.

[2] Defendant Wohlfeil was not named as a defendant in the federal action in the original complaint, but was named in a later complaint.

process. (Doc. No. 1.) The complaint was based on a malicious prosecution action filed against Ravet in San Diego Superior Court, of which Stern and Wohlfeil were counsel for the plaintiffs in that action. (*Id.*) The defendants all filed motions to dismiss the complaint, which Judge Miller granted on July 17, 2007. (Doc. No. 56.)

Ravet filed an amended complaint on July 31, 2007 (Doc. No. 57), which all defendants moved to dismiss and strike. (Doc. Nos. 71, 73-76, 123.) On August 1, 2008, before Judge Miller had ruled on the motions to dismiss, Ravet requested leave to file a second amended complaint. (Doc. No. 143.) This request was granted, and Ravet filed a second amended complaint on September 8, 2008. (Doc. Nos. 143, 144.)

On October 6, 2008, defendants Stern and Wohlfeil renewed their motions to dismiss, strike and quash, including their anti-SLAPP motion. (Doc. No. 154.) Shortly thereafter, on October 31, 2008, Ravet filed a notice of dismissal without prejudice of the action against Stern and Wohlfeil. (Doc. No. 154.) Stern and Wohlfeil requested the Court retain jurisdiction over their anti-SLAPP motion, which the Court granted. (Doc. Nos. 158, 160.)

On August 31, 2009, the Court granted Stern and Wohlfeil's anti-SLAPP motion to strike Plaintiff's claims of extortion, defamation, and abuse of process and denied Stern and Wohlfeil's motion as to the conversion and trespass to chattels claims. (Doc. No. 182.) Pursuant to California Code of Civil Procedure § 425.16(c), the Court found that the defendants were entitled to reasonable attorneys' fees associated with their prevailing claims. (*Id.* at 10.) However, the Court ordered defendants to produce documents evidencing the attorneys' fees and costs before awarding the specific fees. (*Id.*) On November 6, 2009, Wohlfeil filed a motion for attorneys' fees and costs, which were allegedly incurred by Stern as Wohlfeil's attorney in the matter. (Doc. No. 183.) The Court denied without prejudice Defendant's motion for attorneys' fees on the grounds that Defendant did not meet "his burden of establishing the reasonableness of Stern's rate charged, nor the reasonableness of Stern's total number of hours and why they are sufficiently connected to the anti-SLAPP proceeding." (Doc. No. 183.) As such, on April 7, Wohlfeil filed the present renewed motion for attorneys' fees. (Doc. No. 189.)

## LEGAL STANDARD

"In any action subject to [Cal. Civ. Proc. Code § 425.16(b)], a prevailing defendant on a

special motion to strike *shall* be entitled to recover his or her attorney's fees and costs." Cal. Civ. Proc. Code § 425.16(c) (emphasis added). A district court has "broad discretion in determining the reasonable amount of attorney fees and costs to award a prevailing defendant." *Kearney v. Foley and Lardner*, 553 F. Supp. 2d 1178 (S.D. Cal. 2008) (quoting *Metabolife Int'l, Inc. v. Wornick*, 213 F. Supp. 2d 1220, 1222 (S.D. Cal. 2002)).

To determine a reasonable attorneys' fee award, the California Supreme Court has found that "the lodestar adjustment approach should be applied to fee awards under Code of Civil Procedure section 425.16." *Ketchum v. Moses*, 17 P.3d 735, 744 (Cal. 2001). The Court begins by "multiplying the number of hours reasonably spent on the litigation by a reasonable hourly rate." *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The resulting figure is referred to as the "lodestar" amount. *Id*. (citing *City of Riverside v. Rivera*, 477 U.S. 561, 568 (1986)).[1]

To determine the reasonable hourly rate, the Court looks to the "rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Camacho v. Bridgeport Fin., Inc.,* 523 F.3d 973, 979 (9th Cir. 2008) (quoting *Barjon v. Dalton,* 132 F.3d 496, 502 (9th Cir. 1997)). In this case, the relevant community is the Southern District of California because it is "the forum in which the district court sits." *Id*. The burden is on the party requesting attorneys' fees to "produce satisfactory evidence." *Blum v. Stenson,* 465 U.S. 886, 895 n.11 (1984). Evidence that the Court should consider includes "[a]ffidavits of the [movant's] attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the [movant's] attorney." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).

To determine the reasonable hours expended in a case, the Court should exclude hours "that are excessive, redundant, or otherwise unnecessary." *McCown*, 565 F.3d at 1102 (quoting *Hensley*, 461 U.S. at 434). The party requesting attorneys' fees "should provide documentary evidence to the court concerning the number of hours spent." *Id*. "[A]bsent circumstances rendering an award unjust, the fee should ordinarily include compensation for all hours reasonably spent, including those relating

---

[1] The lodestar formula has also been adopted by California state courts. *See Serano v. Priest*, 569 P.2d 1303, 1316 (Cal. 1977).

solely to [obtaining] the fee [award]." *Kearney*, 553 F. Supp. 2d at 1178 (quotation omitted).

**DISCUSSION**

In the instant case, Defendant Wohlfeil requests an award of attorneys' fees in the total amount of $43,185.00. (Memo. ISO Motion at 15.) These fees were allegedly incurred by Stern from the date he was retained by Wohlfeil on November 15, 2007 up until the present. (Stern Decl. ¶ 7.) If the Court grants Wohlfeil's request for attorneys' fees, Ravet requests the Court to: 1) eliminate fees that would have been expended regardless of whether or not the anti-SLAPP motion was filed; 2) reduce the remaining balance by 50% to account for the fact that Stern's work, aside from the motion to quash, was done for both himself and for Wohlfeil; and 3) reduce once again the remaining sum by 50% because the anti-SLAPP motion was successful as to only three of the five causes of action.[2] (Opp. at 21.)

**I.     Entitlement to Fees Requested**

Generally, the award of attorneys' fees pursuant to an anti-SLAPP motion is limited to the reasonable fees incurred during the course of or in connection with the anti-SLAPP proceeding, not the entire action. *S.B. Beach Props. v. Berti*, 39 Cal. 4th 374, 381 (2006); *Platypus Wear, Inc. v. Goldberg*, 166 Cal. App. 4th 772 (2008); *see also Metabolife Int'l, Inc. v. Wornick*, 213 F. Supp. 2d 1220, 1221-24 (S.D. Cal. 2002). Accordingly,

> [a]ll expenses incurred on common issues of fact and law qualify for an award of attorneys' fees under the anti-SLAPP statute and those fees need not be apportioned. But mere common issues of fact are insufficient to award all fees when legal theories do not overlap or are not inextricably intertwined.

*Kearney*, 553 F. Supp. 2d at 1184.

**A.     Motion to Dismiss**

Wohlfeil argues that expenses spent on his motions to dismiss[3] Ravet's RICO claim should

---

[2] Other than for these reasons stated above, the Court declines to address and wholly rejects Ravet's unsubstantiated arguments as to why Wohlfeil is not entitled to reasonable attorneys' fees and costs incurred by Stern.

[3] The Court notes that the motion to quash, dismiss, and strike were renewed throughout different stages of this case. For purposes of this Order, the analysis is the same for each motion; thus, the Court will address each in the singular and applies the analysis to each relevant renewed motion and related time entry.

be recoverable as attorneys' fees because the motions to dismiss and motions to strike were "inextricably intertwined and based upon common facts." (Memo. ISO Motion at 7.)  Specifically, Wohlfeil argues that the following common facts governed the motions to strike and motions to dismiss: "Ravet was impermissibly attempting to prosecute Mr. Wohlfeil for extortion based on Wohlfeil's exercise of his rights to petition . . . [as] protected under the *Noerr-Pennington* Doctrine and California law." (*Id.*)  As to the common issues of law, Stern argues that the motions to dismiss and to strike were both "premised upon Wohlfeil's exercise of his rights to petition under the *Noerr-Pennington* Doctrine and the related California privileges."[4] (*Id.*)

In Wohlfeil and Stern's motion to dismiss Ravet's Second Amended Complaint, Wohlfeil and Stern argue that Ravet's "cause of action for RICO fails because defendants' conduct in pursuing RAVET in the Superior Court malicious prosecution action is protected as judicial petitioning activity under the *Noerr-Pennington* doctrine." (Memo. ISO MTD Second Amended Complaint ("SAC") at 2.)  On similar facts, the Court granted Defendant's motion to strike Ravet's extortion, defamation, and abuse of process claims in light of Defendant's right to petition and litigation privilege under California law. (Doc. No. 182.)  Accordingly, both the motion to strike and motion to dismiss share common issues of fact and law.

However, the motion to dismiss also presents additional legal grounds in favor of dismissal: 1) the Complaint does not plead a legally cognizable RICO claim pursuant to Rule 12(b)(6), and 2) the Complaint fails to plead fraud with particularity pursuant to Rule 9. (Memo ISO MTD SAC at 12–18.)  As such, Wohlfeil can recover for attorneys' fees for his motion to dismiss to the extent that the work performed on the dismissal action was "premised on the *Noerr-Pennington* doctrine and/or litigation privilege but not otherwise.  In other words, defendant['s]

---

[4] "The *Noerr-Pennington* doctrine derives from the First Amendment's guarantee of 'the right of the people ... to petition the Government for a redress of grievances.'" *Kearney*, 553 F. Supp. 2d at 1181 n.3 (quoting U.S. Const. amend. I). "Under the *Noerr-Pennington* doctrine, those who petition any department of the government for redress are generally immune from statutory liability for their petitioning conduct." *Id.* (citation omitted). Under the anti-SLAPP statute, "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." Cal. Civ. Code § 425.16(b)(1). As such, "the *Noerr-Pennington* doctrine is analogous to California's anti-SLAPP statute." *Kearney*, 553 F. Supp. 2d at 1181 n.3.

arguments concerning separate and distinct defenses concerning RICO . . . raised in the motion to dismiss, will not be awarded." *Kearney*, 553 F. Supp. 2d at 1184 (allowing reasonable attorneys' fees for defendants' motion to dismiss a RICO claim where the "central focus of defendants' motions and the Court's Order was the applicability of the *Noerr-Pennington* doctrine and/or litigation privilege to plaintiff's claims"); *see also Coulter v. Murrell*, 2010 WL 2775627 (S.D. Cal. 2010) (denying fees incurred in bringing a motion to dismiss where "the motion and the anti-SLAPP motion were not 'inextricably intertwined' and did not share any common legal or factual issues").

### B.     Motion to Quash

Pursuant to Cal. Civ. Code § 425.16, Wohlfeil also requests attorneys' fees for costs incurred in bringing a motion to quash. (Memo. ISO Motion at 8–9.) In order to support this request, Wohlfeil relies on *Metabolife Int'l, Inc. v. Wornick* where the court allowed the defendant to recover attorneys' fees and costs associated with raising the defenses of lack of personal jurisdiction and improper venue. *Metabolife Int'l, Inc. v. Wornick*, 213 F. Supp. 2d 1220, 1223 (S.D. Cal. 2002). In its decision to award these fees, the court emphasized that all of these defenses, including the anti-SLAPP motion, were a part of the motion to dismiss "rather than wholly separate defenses." *Id.* Pursuant to Rule 12(h), the court found that the defendant had "to raise the defenses of lack of personal jurisdiction and improper venue in [the] motion to dismiss with the anti-SLAPP motion or suffer waiver of those defenses." *Id.* Moreover, these fees were reasonable because the *entire* action was subject to the anti-SLAPP motion given the fact that all causes of action related to free speech and all of the defendant's activity was inextricably intertwined with the anti-SLAPP motion. *Id.*

The present case is distinguishable. Wohlfeil's motion to quash service was never raised in the motion to dismiss. Rather, it was a wholly separate defense. Moreover, unlike the case in *Metabolife Int'l, Inc.* the entire action in the present case was not subject to the anti-SLAPP motion. Instead, this court denied Wohlfeil and Stern's motion to strike the trespass to chattels and conversion claims. (Doc. No. 182.) Finally, the entire motion to quash is premised on the fact that Ravet "never applied for an amended summons naming WOHLFEIL" and that Ravet "served

WOHLFEIL with the original summons, which [did] not even name WOHLFEIL as a defendant." (Doc. No. 123.) As such, the motion to quash does not share common issues of law with the anti-SLAPP motion. *See Kearney*, 553 F. Supp. 2d at 1184 ("mere common issues of fact are insufficient to award all fees when legal theories do not overlap or are not inextricably intertwined"). In light of the above facts, the Court finds that Wohfeil is not entitled to attorneys' fees under Cal. Civ. Code § 425.16 insofar as the fees pertain to the motion to quash.

### C. Motion to Strike

Pursuant to Cal. Civ. Code § 425.16, Wolhfeil is entitled to attorneys' fees associated with the anti-SLAPP motion. Wohlfeil argues that the fees award should not be discounted just because the anti-SLAPP motion was unsuccessful in striking two of Plaintiff's five causes of action. (Memo. ISO Motion at 9.) Specifically, Defendant argues that the "arguments and evidence, which defendant presented in support of his unsuccessful Motion to Strike Ravet's Trespass to Chattels and Conversion claims, were precisely the same arguments and evidence which were used to successfully strike Ravet's [other claims]." (*Id.*) However, this Court found that Wolhfeil was "entitled to attorneys' fees and costs associated with [his] *prevailing* claims." (Doc. No. 182 at 10 (emphasis added).) In the instant case, Wohlfeil's anti-SLAPP motion "prevailed" in striking three of Plaintiff's five causes of action. (*See id.*) To be sure, a "partially prevailing party is not necessarily entitled to all incurred fees even where the work on the successful and unsuccessful claims was overlapping." *Mann v. Quality Old Time Serv.*, *Inc.*, 42 Cal. Rptr. 3d 607, 617-18 (Cal. App. 2006) (citing *Hensley*, 461 U.S. at 440 (1983)). Thus, Wohlfeil is not entitled to attorneys' fees incurred as to the two non-prevailing causes of action. *See id.* at 618-19 (reducing the attorney fee award by 50% where the defendant's anti-SLAPP motion was successful as to one of the four causes of action and finding that the "fees awarded to a defendant who was only partially successful on an anti-SLAPP motion should be commensurate with the extent to which the motion changed the nature and character of the lawsuit in a practical way").

### II. Reasonable Hourly Rate

Wohlfeil's attorney, Stern, establishes that the hourly rate he charged was $350. (Stern Decl. ¶ 2.) In support of this hourly rate, Wohlfeil has filed Stern's Declaration which discusses

- 7 - 07cv31

his qualifications. Specifically, Stern has practiced in California since 1981, has experience in handling complex civil litigation, and has ten years of litigation experience with Ravet involving four separate lawsuits. (Stern Decl. ¶¶ 2–4.) In his declaration, Stern also argues that the present proceeding was complex and involved multiple motions and an appeal. (*Id.* ¶ 6.) Finally, Wohlfeil provides the declaration of Attorney Grebing which states that the "customary hourly rates of attorneys performing this type of work range between $285 and $375 per hour." (Memo. ISO Motion Exh. 9 ("Grebing Decl." ¶ 8).) Based on these documents, the complex and lengthy nature of this case, and the Court's familiarity of the rates charged in the San Diego community, the Court finds that the $350 hourly rate is reasonable. *See Fleming v. Coverstone*, 2009 WL 764940, at \*7 (S.D. Cal. 2009) (finding that $425 for the shareholder, $245 for the senior associate, and $220 for the junior associate were reasonable hourly rates for anti-SLAPP attorneys' fees based on the Court's "knowledge of prevailing standards in the community and absent any objection to the attorneys' per hour fees"); *Cornwell v. Belton*, 2008 WL 80724 (S.D. Cal. 2008) (granting attorneys' fees pursuant to Cal. Civ. Proc. Code § 425.16 in a case where attorneys charged hourly rates of $400 for the lead counsel and partner in the firm, $350 for appellate and law and motion counsel, and $250 for associates in an anti-SLAPP proceeding).

### III. Reasonable Hours Expended

#### A. Failed Motion for Attorneys' Fees

In addition to fees incurred for the present motion, Wohlfeil also requests costs incurred in bringing the prior failed motion for attorneys' fees. (Memo. ISO Motion Exh. 10.) In *Ketchum v. Moses*, the California Supreme Court found that "an award of fees may include not only the fees incurred with respect to the underlying claim, but also the fees incurred in enforcing the right to mandatory fees under [Cal. Civ. Proc. Code §] 425.16." *Ketchum*, 17 P.3d at 747. Thus, it is reasonable for the fee award to include hours billed on 4/1/10 and 4/6/10 as these pertain to the present motion for a total of $3,080.00. (Memo. ISO Motion Exh. 10.) However, the Court will not recognize Wohlfeil's arguments and request for costs incurred in bringing the rejected motion for attorneys' fees which are billed in the 10/9/09–3/30/10 entries. (*Id.*) The Court denied the prior motion without prejudice because Wohlfeil failed to meet "his burden of establishing the

reasonableness of Stern's rate charged" or "the reasonableness of Stern's total number of hours and why they are sufficiently connected to the anti-Slapp proceedings." (Doc. No. 188.) The fee award should include only *reasonable* hours, *Kearny*, 553 F. Supp. 2d at 1178, and the Court finds hours spent on a wholly insufficient request for attorneys' fees is unreasonable. As such, the Court will not reward Wohlfeil for his unsubstantiated motion, and the reasonable hours used to calculate the fee award are reduced to a total of **$3,080.00.**

### B.     Vague Billing Entries

Ravet argues that the Court should strike the fee request in its entirety given the reasoning in *Christian Research Inst. v. Alnor,* 81 Cal. Rptr. 3d 866, 874 (Cal. Ct. App. 2008). (Memo. ISO Opp. at 21.) Although the Court finds that *Christian Research Inst.* does not support striking Wohlfeil's request in its entirety, the Court finds that the case is instructive as to the issue of Stern's vague billing entries.[5] In *Christian Research Inst. v. Alnor*, the court affirmed a reduction in an anti-SLAPP fee award given, among other factors, vague billing entries. *Id.* at 874. The court characterized the following entries as vague: those that made "made no reference at all to the motion to strike or otherwise designated the hours expended as anti-SLAPP work" and those that described work as "further handling." *Id.* Moreover, the court found that "[b]lockbilling . . . exacerbated the vagueness of counsel's fee request, [which was] a risky choice since the burden of proving entitlement to fees rests on the moving party." *Id.* Thus, the court concluded that a reduction in fees was proper.

In the instant case, the billing entries on the following dates submitted by Stern are vague: 11/15/07–11/26/07; 11/30/07; 12/3/07; 12/6/07–9/30/08; 10/7/08–11/26/08; 12/18/08; and 4/22/09–7/1/09. (Memo. ISO Motion Exh. 10.) None of these entries specify which motions were being revised, the nature of the various correspondences, or which court order was in review. In short, these entries make no reference at all to the anti-SLAPP motion to strike. Moreover, many

---

[5] Ravet cites *Christian Research Inst. v. Alnor* for the proposition that Wolhfeil's attorneys' fee request should be stricken in its entirety. However, the court in *Christian Research Inst.* only affirmed a reduction of fees from over $250,000 to $21,300. *Christian Research Inst.*, 81 Cal. Rptr. 3d at 869. Thus, this case does not support Ravet's proposition that Wohlfeil is entitled to no fees whatsoever.

of these vague billings, like those for receipt and review of court orders, are costs that would have been incurred in the course of Stern's representation of Wohlfeil irrespective of the anti-SLAPP motion. *See Christian Research Inst.*, 81 Cal. Rptr. 3d at 874 (finding that the defendant was not entitled to an award that included defendant's attempt to "transfer to the opposing parties the cost of every minute counsel expended on the case" or for "billings for obtaining the docket at the inception of the case, obtaining unspecified but 'numerous court documents,' and attending the trial court's mandatory case management conference-all of which would have been incurred whether or not [d]efendant filed the motion to strike"). Thus, these costs will not be included in the fee award.

In support of his billing for teleconferences and correspondences, Stern states, "I believe all of the discussions I have billed for were in pursuit of driving this case to a resolution, which included my client's compensation for his attorney's fees, at the earliest possible juncture." (Stern Decl. ¶ 15.) Stern elaborates, "In my opinion, all of those conversations were caused by Mr. Ravet's false accusations, which were nothing more than an attempt to restrict Mr. Wohlfeil's rights to practice law, protected under *Noerr-Pennington* and California law." (*Id.*) Given that the "fee applicant bears the burden of establishing entitlement to an award," Stern's "belief" as to the propriety of awarding these fees is insufficient to warrant an award for these billings. *Hensley*, 461 U.S. at 437 (1983); *see also Kearney*, 553 F. Supp. 2d at 1185 ("The Court must have 'substantial evidence' to support the fee award" (citation omitted)). In the instant case, the Court cannot reasonably ascertain whether these conversations were pertinent or irrelevant to the anti-SLAPP motion. Similarly, Stern's statement that from October 6, 2008 to October 31, 2008 "all of [his] efforts on behalf of Mr. Wohlfeil . . . were directly related to attempts to finally resolve this case, at the earliest possible juncture . . ." is insufficient to support a fee award as to those vague billing entries. (Stern Decl. ¶ 14(i).)

For the above reasons, these vague billing entries do not allow the Court to determine "how much time . . . [was] spent on particular claims, and whether the hours were reasonably expended." *Christian Research Inst.*, 81 Cal. Rptr. 3d at 870. In light of the fact that the "party petitioning for attorneys' fees necessarily bears the burden of persuasion on the elements of that

claim," the Court finds that Wohlfeil has not met this burden of persuasion as to the vague entries. *Kearney*, 553 F. Supp. 3d at 1185. As such, a reduction in fees is proper, and all such vague entries will not be included in the fee award.

### C. Block Billed Entries

Generally, block billing can "obscure[] the nature of some of the work claimed" and "exacerbate[] the vagueness of counsel's fee request." *Christian Research Inst.*, 81 Cal. Rptr. 3d at 874. Because "block billing makes it more difficult to determine how much time was spent on particular activities," the Ninth Circuit has held that it will not "quarrel with the district court's authority to reduce hours that are billed in block format." *Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007) (citing *Role Models Am., Inc. v. Brownlee,* 353 F.3d 962, 971 (D.C. Cir. 2004) (reducing requested hours because counsel's practice of block billing "lump[ed] together multiple tasks, making it impossible to evaluate their reasonableness"); *Hensley,* 461 U.S. at 437 (holding that applicant should "maintain billing time records in a manner that will enable a reviewing court to identify distinct claims"); and *Fischer v. SJB-P.D. Inc.,* 214 F.3d 1115, 1121 (9th Cir. 2000) (holding that a district court may reduce hours to offset "poorly documented" billing)). However, the Ninth Circuit has also found that an across-the-board reduction on hours should not be applied to *all* requested hours and should instead be specific to counsel's block billed hours. *Id.* Finally, the district court should "'explain how or why . . . the reduction . . . fairly balance[s]' those hours that were actually billed in block format." *Welch*, 480 F.3d at 948 (citing *Sorenson v. Mink,* 239 F.3d 1140, 1146 (9th Cir. 2001).

In the instant case, the billing entries on the following dates are block billed: 11/29/07; 12/4/07; 10/1/08–10/6/08; 4/13/09–4/20/09. (Memo. ISO Motion Exh. 10.) These entries include both fees that are unrelated to the anti-SLAPP motion and those incurred during the course of or in connection with the anti-SLAPP proceeding. Specifically, these entries include work for three different motions: the motion to quash, motion to dismiss, and motion to strike. (*Id.*) Because Wohlfeil does not separate the fees between these three motions, the Court equally apportions the hours billed in these entries into thirds after having reviewed Wohlfeil's exhibits.

On 11/29/07, Stern billed $2,275 for 6.5 hours of the following work: "Draft Motions to

1 Quash, Strike and Dismiss Ravet's Amended Complaint, Tele-conference with Client; draft
2 Declarations; draft Notice of Lodgment in Support of Motions." (Memo. ISO Motion Exh. 10.)
3 Because Wohlfeil is not entitled to attorneys' fees under Cal. Civ. Code § 425.16 insofar as the
4 fees pertain to the motion to quash, the 6.5 hours are reduced by 1/3.[6] As to the motion to strike,
5 Wohlfeil is certainly entitled to attorneys' fees. Given the fact that Wohlfeil partially prevailed as
6 to three of Ravet's five causes of action, Wohlfeil may recover 3/5 of the 1/3 of work pertaining to
7 the motion to strike in this block billed entry. Finally, Wohlfeil can recover for attorneys' fees for
8 his motion to dismiss to the extent that the work performed on the dismissal action was premised
9 on the *Noerr-Pennington* doctrine and/or litigation privilege. As such, the 1/3 portion of this work
10 in the block billed entry is reduced by 1/2. Taking into account all of these reductions, the 6.5
11 hours are reduced to 2 (23/60) hours, rounded to 2.38 hours.[7] At a reasonable hourly rate of $350,
12 this amounts to **$833.00** in attorneys' fees for the billing entry on 11/29/07.

13 On 12/4/07, Stern similarly block billed 1.9 hour of work for all three motions: the motion
14 to quash, strike, and dismiss. (Memo. ISO Motion Exh. 10.) Applying the same reductions as
15 above, the 1.9 hours are reduced by 1/3 to account for work on the motion to quash. The 1/3 of
16 work on the motion to strike is reduced by 2/5, and the 1/3 of work on the motion to dismiss is
17 reduced by 1/2. Accordingly, the 1.9 hour is reduced to 0.70 of an hour. This amounts to **$245.00**
18 in recoverable attorneys' fees.

19 Again, from 10/1/08–10/6/08 and 4/13/09–4/20/09 Stern block billed hours of work for all
20 three motions. (Memo. ISO Motion Exh. 10.) Applying the same reductions as above, the hours
21 billed on 10/1/08 are reduced from 10 hours to 3.67 hours. At $350 an hour, this amounts to
22 **$1,284.50** in recoverable attorneys' fees. The hours billed on 10/2/08 are reduced to 3.19 hours
23 resulting in **$1,116.50**. Similarly, the hours on 10/3/08 and 10/6/08 are reduced to 1.83 and 1.47
24 hours respectively. This results in **$640.50** and **$514.50** for these block billed entries.

---

[6] Given that Wohlfeil cannot recover for attorneys' fees for work on the motion to quash, the Court notes that Wohlfeil is also not entitled to fees incurred on 11/28/07. The Court takes this reduction into account in its final fee award calculation.

[7] Given the complex fractions at hand and the nature of the numbers, the Court rounds the hours to the nearest hundredth.

The hours billed from 4/13/09–4/20/09 are reduced to the following hours: 1.58; 0.55; and 0.73. As such, Wohlfeil can recover attorneys' fees for **$553.00**, **$192.50**, and **$255.50** for these billings.

### D.  Fees Related to the Anti-SLAPP Proceeding

Because the award of attorneys' fees pursuant to an anti-SLAPP motion includes the reasonable fees incurred during the course of or in connection with the anti-SLAPP proceeding, the following billing entries are included in the present fee award: 12/2/08–12/12/08; 12/16/08; 12/17/08; 2/25/09; 3/4/09; 4/9/09; 7/27/09; 9/2/09. (Memo. ISO Motion Exh. 10.) Several of these entries pertain to costs incurred as a result of Ravet's appeal of this Court's order to retain jurisdiction over the Anti-SLAPP motion. (Doc. Nos. 157 & 163.) These hours are reasonable and included in the fee award. *See Christian Research Inst.*, 81 Cal. Rptr. 3d at 870 ("Appellate challenges concerning the motion to strike are also subject to an award of fees and costs, which are determined by the trial court after the appeal is resolved" (citation omitted)); *Dove Audio, Inc. v. Rosenfeld, Meyer & Susman*, 54 Cal. Rptr. 2d 830 ("A statute authorizing an attorney fee award at the trial court level includes appellate attorney fees unless the statute specifically provides otherwise" (citation omitted)). The other billings pertain to costs incurred as a result of Ravet's ex-parte motion to have the hearing of the anti-SLAPP motion taken off calendar. (Doc. No. 165.) Because this relates to costs incurred "in connection with" the anti-SLAPP proceeding, these reasonable hours are also included in the fee award for a total of **$5,360.00**.

### CONCLUSION

In light of the above factors and reductions, this Court **GRANTS** Defendant's motion for attorneys' fees in the amount of **$14,075**.

IT IS SO ORDERED.

DATED: August 6, 2010

*Janis L. Sammartino*

Honorable Janis L. Sammartino
United States District Judge