1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

8
9
10
11
12
13
14
15

| | |
|---|---|
| GARY K. RAVET, an individual and as Trustee of the Gary K. Ravet Childrens Trust,<br><br>Plaintiff,<br><br>vs.<br><br>SOLOMON, WARD, SEIDENWURM & SMITH, et al.,<br><br>Defendant. | CASE NO. 07CV31 JLS (CAB)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO SET ASIDE JUDGMENT**<br><br>(ECF No. 208.) |

16
17
18
19
20
21

        Presently before the Court is Plaintiff Gary K. Ravet's motion to set aside judgment pursuant to Federal Rule of Civil Procedure 60.  (Mot. to Set Aside, ECF No. 208.)  Also before the Court is Defendant Joel Wohlfeil's opposition, (Opp'n, ECF No. 212), and Plaintiff's reply, (Reply, ECF No. 214).  After consideration, the Court **DENIES** Plaintiff's motion to set aside judgment.

22
23
24
25
26
27
28

        Plaintiff moves this Court to set aside the judgment entered on January 14, 2011.  (ECF No. 199.)  The judgment was "against Plaintiffs, GARY K. RAVET and the GARY K. RAVET CHILDRENS TRUST, jointly and severally, and in favor of Defendant JOEL WOLHFEIL, in the amount of $14,075."  (*Id.*)  Plaintiff argues that under Federal Rules of Civil Procedure Rule 60(b)(4), (b)(5), and (b)(6), the judgment should be set aside because it names an entity, the Gary K. Ravet Childrens Trust, "that was never a party to this action and this court had no jurisdiction over."  (Mot. to Set Aside 3.)

07CV31

1     The question before the Court is whether judgment can be properly entered against the

2  Gary K. Ravet Childrens Trust.  Plaintiff argues that the Trust was never a party to this action and

3  therefore judgment against the Trust is improper.  (*Id.* 4.)  The Court disagrees.

4     The operative complaint in this action is Plaintiff's Second Amended Complaint.  (SAC,

5  ECF No. 144.)  That complaint was filed by "GARY K. RAVET, an individual, and as Trustee of

6  the GARY K. RAVET CHILDRENS TRUST."  (*Id.*)  And as Plaintiff cogently argued, the trustee

7  of the trust, not the trust itself, is the proper party in a legal action.  *See Stoltenberg v. Newman*,

8  179 Cal. App. 4th 293–94 (Cal. Ct. App. 2009); *see also* Mot. to Set Aside 5.  By bringing the

9  lawsuit as trustee of the Gary K. Ravet Childrens Trust, the trust is a party to this action and

10  judgment can be entered against it.

11     For the reasons stated above, Plaintiff's motion to set aside judgment against the Trust is

12  **DENIED**.

13     **IT IS SO ORDERED.**

14

15  DATED:  August 22, 2011

16                                        _Janis L. Sammartino_____
                                          Honorable Janis L. Sammartino
17                                        United States District Judge

18

19

20

21

22

23

24

25

26

27

28